# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

MARVIN L. CARTER,

                Plaintiff,

v.

JOHN KUSPA, WILLIAM J. ESQUEDA, LAURA A. CRIVELLO, and MILWAUKEE POLICE DEPARTMENT,

                Defendants.

Case No. 16-CV-1430-JPS

**ORDER**

      Plaintiff, who is incarcerated at Dodge Correctional Institution, filed a *pro se* complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. (Docket #1). This matter comes before the Court on Plaintiff's motion to proceed *in forma pauperis*. (Docket #2). Plaintiff has been assessed and has paid an initial partial filing fee of $15.33. 28 U.S.C. § 1915(b)(4).

      The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. *Id.* § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b).

      A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 774 (7th Cir. 2002). The Court may, therefore, dismiss a claim as frivolous where

it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327; *Gladney*, 302 F.3d at 774. "Malicious," although sometimes treated as a synonym for "frivolous," "is more usefully construed as intended to harass." *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003) (citations omitted); *accord Paul v. Marberry*, 658 F.3d 702, 705 (7th Cir. 2011).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the . . .claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *see Christopher v. Buss*, 384 F.3d 879, 881 (7th Cir. 2004). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id.* "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555; *Christopher*, 384 F.3d at 881.

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be

supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: (1) he was deprived of a right secured by the Constitution or laws of the United States; and (2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The Court is obliged to give the plaintiff's *pro se* allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Plaintiff alleges that during the afternoon of February 16, 2016, masked police officers dressed in Army fatigues entered his home in Milwaukee. (Docket #1 at 2). When they entered the house, he, a woman, and her children were all sleeping inside. *Id.* The woman awoke at the sound of the officers moving around the house, and she alerted Plaintiff. *Id.* at 2–3. A man then came to their bedroom door and yelled for them to come out. *Id.* at 3. Plaintiff and the woman exited the bedroom and found two or three masked police officers pointing guns at them. *Id.* The officers took them to the living room along with the children. *Id.* at 4.

Plaintiff was then handcuffed. *Id.* Plaintiff inquired why the officers were there and why he was being handcuffed, and he was told that someone else would come to speak with him. *Id.* About five minutes later, Detectives John Kuspa ("Kuspa") and William Esqueda ("Esqueda") entered the living room, and Plaintiff repeated his questions. *Id.* He also asked whether the officers had a search warrant. *Id.* Kuspa responded that

they did have a warrant, and they retrieved it. *Id.* at 4–5. However, Kuspa only read the warrant to Plaintiff and did not provide him a copy nor show him the copy in his hands. *Id.* at 5. After he read it, Kuspa placed the warrant face-down on a table in the living room. *Id.*

Kuspa then stated to Plaintiff, "You know why we are here," to which Plaintiff responded in the negative. *Id.* Kuspa went on, accusing Plaintiff of making six controlled drug buys, at least one of which occurred at the home. *Id.* Plaintiff denied any wrongdoing. *Id.* Plaintiff was thereafter taken to the Milwaukee County Jail and charged by criminal complaint with four counts: (1) possession with intent to distribute cocaine; (2) possession with intent to distribute heroin; (3) possession of a firearm by a felon; (4) possession with intent to deliver narcotics. *Id.* Those charges were brought in Milwaukee County Circuit Court in case number 2016-CF-762.

Publicly available records show that Plaintiff went to trial on these charges from February 6 to 8, 2017. On February 8, Plaintiff pleaded guilty to counts two and three of the criminal complaint—the heroin and firearm charges. As a result, the Milwaukee County Circuit Court adjudged him guilty of those offenses and ordered the entry of a judgment of conviction as to those counts. Counts one and four were dismissed on the state's motion. Sentencing was held on July 20, 2017, and Plaintiff was sentenced to a total of sixteen years of incarceration, followed by a term of supervised release. Plaintiff filed a notice of intent to pursue post-conviction relief on July 25, 2017.

In the present case, Plaintiff requests the following items of relief. First, he asks that the Court order the Assistant District Attorney assigned to his case, Laura Crivello ("Crivello"), as well as Kuspa and Esqueda, to produce certain information relevant to the criminal proceedings, including

the dates of the alleged drug buys, information about the confidential informer who participated in investigating Plaintiff's offenses, and copies of DNA testing results. *Id.* at 6. Plaintiff also requests an order from the Court directing the police officers involved in the February 16, 2016 search to draft written reports about the search. *Id.* He states that he needs this material so that he and his criminal defense attorney (who has not entered on his behalf in this case) can prepare his defense. *Id.* Plaintiff further requests that the Court order Crivello to drop the charges in case number 2016-CF-762 "because she knows that [Kuspa] and [Esqueda] acted in bad faith by falsifying the affidavit to attain a search warrant," which she herself then signed as part of the warrant application. *Id.* at 8. Finally, Plaintiff prays for compensatory and punitive damages to recompense the time he has spent incarcerated in connection with these criminal proceedings. *Id.* at 7.

Plaintiff's allegations leave much to be desired. He does not connect his factual allegations to any legal claim, other than to say that Defendants' actions were wrongful. From the Court's review of the complaint, it appears that Plaintiff may be attempting to raise a claim under 42 U.S.C. § 1983 for violation of his Fourth Amendment rights. The conduct relevant to such a claim might be: (1) the unreasonable manner of the February 16, 2016 search, including the officers' failure to knock and announce their presence before entering the home, as well as brandishing their firearms without need; (2) Kuspa and Esqueda's decision to falsify statements in the affidavit underlying the search warrant; and (3) Crivello's decision to submit the search warrant application knowing that the supporting affidavit contained fabrications. The Court will address each claim in turn.

As to each, the Court will need to consider an additional threshold issue in light of the parallel criminal proceedings. These claims may be barred by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), which holds that a claim for damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence. However, *Heck* does not automatically preclude Fourth Amendment claims related to conduct underlying a conviction. *Wallace v. Kato*, 549 U.S. 384, 394 (2007); *Nelson v. Campbell*, 541 U.S. 637, 647 (2004). As long as the plaintiff's claims do not impugn the validity of his conviction or sentence, courts can entertain Section 1983 suits based on police investigative conduct that violates the Fourth Amendment. *Gilbert v. Cook*, 512 F.3d 899, 901 (7th Cir. 2008); *Copus v. City of Edgerton*, 151 F.3d 646, 648 (7th Cir. 1998); *Simpson v. Rowan*, 73 F.3d 134, 136 (7th Cir. 1995) ("Because an illegal search or arrest may be followed by a valid conviction, a conviction generally need not be set aside in order for a plaintiff to pursue a § 1983 claim under the Fourth Amendment.").

First, the Court, appreciative of the low bar required of *pro se* complaints at the screening stage, finds that Plaintiff may proceed on his claim as to the allegedly unreasonable manner of the officers' search of his home on February 16, 2016, including their failure to comply with the knock-and-announce rule and their decision to brandish their weapons. *See Richards v. Wisconsin*, 520 U.S. 385, 394 (1997) (knock-and-announce rule); *Bell v. Wolfish*, 441 U.S. 520, 560 (1979) (searches must be conducted in a reasonable manner and not in "an abusive fashion"). Such a claim would not be *Heck*-barred, as the officers' conduct would not require exclusion of the evidence obtained as a result of the search and would therefore not necessarily imply the invalidity of the conviction.

Second, the claim with respect to Kuspa and Esqueda's false statements is likely unripe, but the Court will allow it to proceed on the present allegations. A warrant request violates the Fourth Amendment if the requesting officer knowingly, intentionally, or with reckless disregard for the truth, makes false statements in requesting the warrant and the false statements were necessary to the determination that a warrant should issue. *Knox v. Smith*, 342 F.3d 651, 658 (7th Cir. 2003); *Franks v. Delaware*, 438 U.S. 154, 155–56 (1978). Thus, even if a criminal defendant can demonstrate that the attesting officer made a false statement (or omitted a material fact), the court must nevertheless consider whether the content of the affidavit, setting aside the false material (or including the omitted material), is sufficient to establish probable cause. *Franks*, 438 U.S. at 156. If it is not, the search warrant must be voided and the fruits of the search excluded. *Id.*

The complaint does not explain whether there were narcotics recovered from the home that were used as evidence to support the charges being litigated in state court; assume for a moment that this is so.[1] If Kuspa and Esqueda's alleged false statements are not sufficient to result in voiding the warrant and excluding the evidence obtained with it during the criminal proceedings, then Plaintiff will have suffered no injury as a result of the false statements and he does not have a constitutional claim. If the alleged false statements are sufficient to result in voiding the warrant and excluding the evidence obtained with it, then Plaintiff's claim is not ripe until the conviction which resulted from the evidence obtained with that

---

[1]This is especially hard to assume with confidence, since Plaintiff only pleaded guilty to the heroin and firearm charges in the criminal complaint. Without more information as to what happened during his criminal trial, it is difficult to surmise what evidence was admitted and what role it played in his ultimate conviction.

warrant is overturned or set aside. This is because a claim for damages may not be pursued if its success would necessarily imply the invalidity of the criminal conviction or sentence, and invalidating the February 16, 2016 search would destroy the state's evidence and thereby invalidate the conviction. On this uncertainty, and in light of the generous standard of review and construction given to *pro se* pleadings, the Court will permit this claim to proceed at this time.

Finally, there is the state prosecutor, Crivello, who allegedly submitted the search warrant application to a court knowing that it contained Kuspa and Esqueda's false statements. In many instances, a prosecutor enjoys absolute immunity from suit, but only insofar as she is "act[ing] within the scope of [her] prosecutorial duties." *Imbler v. Pachtman*, 424 U.S. 409, 420 (1976); *Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993). For instance, immunity encompasses "the professional evaluation of the evidence assembled by the police and appropriate preparation for its presentation at trial or before a grand jury after a decision to seek indictment has been made." *Imbler*, 424 U.S. at 420. However, it does not protect most pre-arrest investigatory conduct. *Fields v. Wharrie*, 740 F.3d 1107, 1111 (7th Cir. 2014); *Bianchi v. McQueen*, 818 F.3d 309, 318 (7th Cir. 2016).

At this stage, the Court cannot and does not decide whether Crivello's conduct falls outside the bounds of absolute immunity. Of particular note is Plaintiff's failure to allege that Crivello herself fabricated any information, rather than simply filing an affidavit she knew contained falsehoods. Yet the Court, taking Plaintiff's allegations as true, finds that he

should be permitted to proceed past screening on his claim against Crivello and that she may then raise any defenses she believes are appropriate.[2]

In closing, the Court also observes that the final defendant, the Milwaukee Police Department, must be dismissed. The police department cannot be liable for its officers' constitutional violations by pure operation of *respondeat superior*; instead, Plaintiff must allege that it had a policy or custom which was the "moving force" behind their constitutional violations. *See Minix v. Canarecci*, 597 F.3d 824, 834 (7th Cir. 2010); *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985). Plaintiff does not even mention the police department in his factual allegations, much less allege that it had a policy which permitted Kuspa and Esqueda's misconduct to occur.

Despite the Court's findings that Plaintiff may proceed on the various Fourth Amendment claims detailed above, it must nevertheless put a temporary halt to these proceedings. The Court will abstain from hearing Plaintiff's damages claims while his criminal appeal is ongoing, pursuant to the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37, 53 (1971); *Simpson*, 73 F.3d at 134, 137 (7th Cir. 1995) ("[A]bsent extraordinary circumstances federal courts should abstain from enjoining ongoing state criminal proceedings."). The Seventh Circuit has counseled that a judgment on the convict's federal damages action before the conclusion of his direct appeal "might undermine the supreme court's consideration of [the convict's] constitutional defenses to his criminal conviction." *Simpson*, 73

---

[2]As with Kuspa and Esqueda, if the false statements Crivello allegedly permitted to be included in the search warrant affidavit she filed can be excised without undermining the conviction, then Plaintiff will have no constitutional claim to bring in this Court.

F.3d at 138. As a result, the Court of Appeals instructs that district courts should abstain from hearing such claims "while the case works its way through the state appellate process." *Id.*

*Simpson* requires first that the Court dismiss Plaintiff's request for an order directing Defendants to produce certain items and documents to help him prepare his defense. Such a claim is in the nature of injunctive relief, the grant of which would violate the principles animating *Younger* abstention. *Id.* at 137. Second, the Court must stay the remaining claim for damages pending final disposition of the criminal proceedings. *Id.* at 139.

For the reasons stated above, the Court finds that Plaintiff may proceed on the following claims: (1) a Fourth Amendment claim for the unreasonable manner of the February 16, 2016 search; (2) a Fourth Amendment claim for Kuspa and Esqueda's conduct in falsifying statements in the affidavit underlying the search warrant; and (3) a Fourth Amendment claim for Crivello's submission of the search warrant application knowing that the supporting affidavit contained falsehoods.

However, as the Court has explained, it must stay this action pending final resolution of Plaintiff's appeal of his conviction in Wisconsin state court. *See Wallace*, 549 U.S. at 393–94 ("If a plaintiff files a false-arrest claim before he has been convicted . . ., it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case . . . is ended. . . . If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, *Heck* will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit."). This matter will be administratively closed in the interim. Plaintiff must provide updates on the status of his criminal case **every thirty (30) days**. If he does not, this matter will be dismissed. Plaintiff must further

notify the Court upon the conclusion of his criminal appeal and/or post-conviction proceedings.

Accordingly,

**IT IS ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Milwaukee Police Department be and the same is hereby **DISMISSED** from this action;

**IT IS FURTHER ORDERED** that the agency having custody of Plaintiff shall collect from his institution trust account the balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to Plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, county, state, or federal, the transferring institution shall forward a copy of this Order along with Plaintiff's remaining balance to the receiving institution;

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined;

**IT IS FURTHER ORDERED** that this action be and the same is hereby **STAYED** pending the conclusion of Plaintiff's state court criminal proceedings;

**IT IS FURTHER ORDERED** that Plaintiff shall provide updates on the status of those proceedings on or before the **last day of each month**;

**IT IS FURTHER ORDERED** that Plaintiff shall notify the Court when those proceedings have concluded, and the manner in which they were concluded; and

**IT IS FURTHER ORDERED** that the Clerk of the Court shall administratively close this action.

Dated at Milwaukee, Wisconsin, this 31st day of August, 2017.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge