# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARVIN L. CARTER,<br><br>　　　　　　　Plaintiff,<br><br>v.<br><br>JOHN KUSPA, WILLIAM J. ESQUEDA, LAURA A. CRIVELLO, MICKAL CHEMLICK, and AARON BUSCHE,<br><br>　　　　　　　Defendants. | Case No. 16-CV-1430-JPS<br><br>**ORDER** |

On October 31, 2022, Defendant Aaron Busche ("Busche") executed and filed a waiver of service in this case. ECF No. 67. However, for several months thereafter, no notice of appearance was entered on his behalf, and Busche filed no answer or other response to Plaintiff Marvin Carter's ("Plaintiff") amended complaint.[1] This prompted the Court to contact Busche to inform him that the litigation for which he had been named as a Defendant was active and ongoing and required his immediate action.

Shortly thereafter, notices of appearance were entered on behalf of Busche. ECF Nos. 90, 91. Busche simultaneously filed a motion for an extension of time to file an answer. ECF No. 92. In support of the motion, Busche writes that "[p]rior to October 20, 2022," he had no knowledge of the action. ECF No. 96 at 3. He explains that due to his lack of litigation experience, he misunderstood his responsibilities following the signing of

---

[1] In light of his waiver of service, Busche's answer or other response was due December 19, 2022. *See* docket notation to ECF No. 67.

his waiver of service. *Id*. at 3–4. He erroneously assumed that he needed to "wait to hear further from the court with regard to requirements that he appear." *Id*. at 4. Due to this erroneous assumption, his deadline within which to answer or otherwise respond to Plaintiff's amended complaint passed unbeknownst to him. Once this assumption was corrected, Busche promptly notified his superiors of the pending action, acquired counsel, and filed the instant motion.

Busche now seeks additional time within which to answer Plaintiff's amended complaint. On March 7, 2023, Plaintiff moved for default judgment as to Busche. ECF No. 99.[2] He writes that he seeks default judgment against Busche because of Busche's failure to timely "answer or respond to the plaintiff [sic] complaint." *Id*. at 2.

The Court will grant Busche's motion for extension of time and will deny Plaintiff's motion for default judgment. Federal Rule of Civil Procedure 6 provides that the court may, for good cause, extend the time to answer or otherwise respond "on motion made after the time has expired if the party failed to act because of excusable neglect." "To find 'excusable neglect,' courts should consider all relevant circumstances surrounding the party's neglect, including the prejudice to the non-movant, length of delay, and reason for delay." *Bowman v. Korte*, 962 F.3d 995, 998 (7th Cir. 2020) (internal citation omitted). Also relevant is "whether the movant acted in good faith." *Lewis v. Sch. Dist*. #70, 523 F.3d 730, 740 (7th Cir. 2008) (internal citation omitted).

---

[2]The filing indicates that Plaintiff mailed this motion on February 27, 2023. ECF No. 99 at 2.

The relevant circumstances here support the granting of an extension of time. Although the length of delay was substantial, the extension has been sought with enough time to allow Busche to comply with the trial scheduling order entered on December 16, 2022. ECF No. 84. Busche has assured the Court this will be the case. There is, therefore, no prejudice to Plaintiff by virtue of the delay.

As to the reason for the delay, this analysis is flexible. "The term 'excusable neglect' as used in Rule 6(b) is a flexible concept that encompasses late filings caused by inadvertence, mistake or carelessness." *Summers v. Colvin*, No. 12-cv-22-wmc, 2013 U.S. Dist. LEXIS 102594, at *2–3 (W.D. Wis. July 23, 2013). Inadvertence, mistake or carelessness could all be used to describe Busche's actions (or rather, inaction) here. But context is important. This was not inaction by a trained attorney who failed to understand or properly apply the very rules on which she has been educated. Such a circumstance would be far less excusable. It was, instead, inaction by a non-attorney who misunderstood the waiver of service form—something with which he had never before been provided. The Court has been presented with no reason to think that the mistake alleged was ingenuine and that the motion for extension of time was made in bad faith. *See Lewis*, 523 F.3d at 740 ("[T]here is no reason to believe that the defendant[] acted in bad faith.").

And entry of default and default judgment are not appropriate here. Under Rule 55, "entry of default is reserved for instances in which a party has failed to plead or otherwise defend." *Summers*, 2013 U.S. Dist. LEXIS 102594, at *2. It is a "weapon of last resort, appropriate only when a party willfully disregards pending litigation." *Sun v. Bd. of Trs. Of the Univ. of Ill.*, 473 F.3d 799, 811 (7th Cir. 2007). By moving for an extension of time and

simultaneously filing a proposed answer, Busche has shown an intention to defend the action. He cannot now be said to have failed to defend or willfully disregarded pending litigation. *See id.; Summers*, 2013 U.S. Dist. LEXIS 102594, at *2 ("Although late, [the defendant's] answer constitutes steps to defend this lawsuit.").

Accordingly,

**IT IS ORDERED** that Defendant Aaron Busche's motion for an extension of time to answer, ECF No. 92, be and the same is hereby **GRANTED**; the Court accepts as the operative answer for Defendant Aaron Busche that which appears at ECF No. 93-1; and

**IT IS FURTHER ORDERED** that Plaintiff Marvin L. Carter's motion for default judgment, ECF No. 99, be and the same is hereby **DENIED.**

Dated at Milwaukee, Wisconsin, this 9th day of March, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge