# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| MARVIN L. CARTER,<br><br>              Plaintiff,<br><br>v.<br><br>JOHN KUSPA, WILLIAM J. ESQUEDA, LAURA A. CRIVELLO, MICKAL CHEMLICK, and AARON BUSCHE,<br><br>              Defendants. | Case No. 16-CV-1430-JPS<br><br>**ORDER** |

## 1.    INTRODUCTION

On March 24, 2023, Plaintiff Marvin L. Carter ("Plaintiff") alerted the Court to a discovery issue relating to Defendant Laura A. Crivello's ("Crivello") refusal to disclose a surveillance video on the grounds that it would divulge the identity of a confidential informant. ECF No. 101. On April 3, 2023, the Court ordered Defendant to respond to this issue. ECF No. 102. Shortly thereafter, Plaintiff filed two motions to compel. ECF Nos. 104, 105. The motions relate to the same issue and seek the same relief—production of the video surveillance "from the controlled buy" on February 10, 2016. ECF No. 104 at 1.

On April 24, 2023, Crivello opposed the motions. ECF No. 108. Plaintiff did not thereafter timely reply. For the reasons discussed herein, the Court will deny the motions.

## 2.    FACTS AND ARGUMENT

On February 10, 2016, Plaintiff participated in a controlled buy with a confidential informant working with the Milwaukee Police Department.

ECF No. 108 at 2. The buy was observed by Defendant Detective John Kuspa ("Kuspa"). *Id*. According to Crivello, the "affidavit in support of the search warrant of Carter's home was based, in part, on Detective Kuspa's personal observation of Carter's presence at the residence and his actions during the February 10, 2016 controlled buy." *Id*. Crivello approved the warrant, and officers executed it, finding firearms and heroin in the residence. *Id.*

After two days of trial, Plaintiff pleaded guilty to one count of possession with intent to distribute heroin and one count of possession of a firearm by a felon. *Id*. Prior to submitting his plea, Carter asserted that he "believed he was not captured on any surveillance video of the February 10, 2016 controlled buy." *Id*. Plaintiff's trial counsel accordingly requested that Plaintiff be shown a portion of the video. *Id*. at 2–3. Crivello agreed to show Plaintiff a "very brief portion of the video," which showed only that Plaintiff was, indeed, caught on video. *Id*. at 3.

Crivello asserts that the "video and photos" of the controlled buy played no role in her "determination of whether probable cause existed for the search warrant," nor had she viewed them prior to approving the warrant. *Id*. She asserts that the "information relied on to establish probable cause were credible statements of Detective Kuspa based on his observations of the controlled buy." *Id*.

In a letter dated January 29, 2023, Plaintiff requested from Crivello "[a] copy of any and all video surveillance of the full length of Mr. Carter," the same "from the controlled buy on 2-10-2016," and "[a] copy of any and all photos of Mr. Carter . . . [s]uch as, photos from the controlled buy on 2-10-2016," among other materials. ECF No. 105-1 at 15–22.

Plaintiff asserts that Crivello is "using Wis. Stat. § 905.10, the Identity of Informer Privilege, as a shield" to prevent disclosure of the "video surveillance of a controlled buy from 2-10-2016 and surveillance photos of a controlled buy" from the same date. ECF No. 104 at 2. Plaintiff argues that disclosure of the video cannot be prevented on this ground because "Crivello was not at all concerned or worried about the identity of the informer privilege when she disclosed the video surveillance of the controlled buy from 2-10-2016 to the plaintiff on 2-8-2017 . . . ." *Id.* In other words, he argues that any privilege associated with the video and photos has been waived because Plaintiff was shown the video "multiple times" to the point that he can "describe exactly what happen [sic] in detail," including "what was said between him and the confidential informant" and the color of the confidential informant's car. *Id*.

Plaintiff also argues that withholding the video is inappropriate because it does not "disclose[] the identity of the confidential informant." ECF No. 105-1 at 24. In any event, he writes, he has no interest in "know[ing] the identity of the confidential informant" and suggests that it be "redacted." *Id*. He seeks the surveillance videos and photos simply because they "do[] not depict what's been stated in the affiant John Kuspa affidavit that was approved and signed by the defendants [sic] Crivello and which is the sole purpose of the search warrant for the residence . . . ." *Id*. He asks that the Court find that Crivello "waive[d] this privilege pursuant to Wis. Stat. § 905.11 Waiver of privilege by voluntary disclosure." ECF No. 104 at 2.

In response, Crivello argues that "turning over the information would place the confidential informant at great risk and the information Carter seeks is not relevant to the claims on which he was allowed to

proceed." ECF No. 108 at 1. She argues that she did not waive the privilege when she allowed Plaintiff to see a brief portion of the video and that Plaintiff "has not shown that disclosing the confidential informant's identity is essential to his claims." *Id*. at 7–8. Finally, she claims that even if the video were redacted, it would "disclose specific information (i.e., date, time of day or night, weather conditions, traffic patterns) that would allow Carter to determine the identity of the confidential informant." ECF No. 109 at 4.

**3.  LAW AND ANALYSIS**

Crivello relies on Wis. Stat. § 905.10 as grounds to withhold the surveillance video. That provision provides that

> [t]he federal government or a state or subdivision thereof has a privilege to refuse to disclose the identity of a person who has furnished information relating to or assisting in an investigation of a possible violation of law to a law enforcement officer . . . .

Section 905.10(3)(a) provides that voluntary disclosure serves as an exception to the rule of privilege; "No privilege exists under this rule if the identity of the informer or the informer's interest in the subject matter of the information's communication has been disclosed to those who would have cause to resent the communication by a holder of the privilege or by the informer's own action . . . ." Similarly, Wis. Stat. § 905.11 provides that "[a] person upon whom this chapter confers a privilege against disclosure of the confidential matter or communication waives the privilege if the person or his or her predecessor, while holder of the privilege, voluntarily discloses or consents to disclosure of any *significant part* of the matter or communication. This section does not apply if the disclosure is itself a privileged communication." (emphasis added).

Crivello did not waive the privilege because she did not voluntarily disclose or consent to disclose any "significant part" of the video, nor did she disclose the identity of the informant. *See id*. In *Johnson v. Rogers Memorial Hospital, Inc.*, the Wisconsin Supreme Court addressed the question of whether a patient had waived the privilege associated with her psychiatric records when she "sign[ed] [an] authorization for medical documents release." 700 N.W.2d 27, ¶ 37 (Wis. 2005).

The court concluded that the patient did not waive the privilege, as she "did not disclose any significant part of a confidential matter or communication." *Id.*, ¶ 3. The patient had consented to release only "the 'specific information listed here,' which was limited to 'medical (physical) tests; medications prescribed; general progress.'" *Id.*, ¶ 39. Although she "could have provided . . . her records that related to her psychiatric treatment by marking the box on the authorization form that authorized disclosure of 'records relating to treatment for psychiatric condition,' [she] did not do so." *Id.*, ¶ 40. "Instead, she explicitly limited the authorization's scope." *Id*. Accordingly, she had not waived the privilege to her psychiatric records. *C.f. Saculla v. Med. Examining Bd.*, No. 95-1489, 555 N.W.2d 409, 1996 Wisc. App. LEXIS 1155, at *15–16 (Wis. Ct. App. Sept. 18, 1996) (patient waived privilege associated with psychiatric records when she signed consent for release of information authorizing disclosure of "any medical records . . . including but not limited to mental health/psychiatric treatment records").

Similarly, although Crivello consented to a limited disclosure of a "very brief portion of the video footage," she did not consent to disclosure of any significant part of the video, nor any portion depicting the informant. ECF No. 109 at 3. Like the patient in *Johnson*, Crivello explicitly "limited the

authorization's scope" by allowing Plaintiff to view only a snippet of the video that "establish[ed] that [he] was caught on video surveillance." *Id*.; *Johnson*, 700 N.W.2d, ¶ 40. The portion of the video of which Crivello allowed Plaintiff to view "did not disclose the confidential informant's identity in any way." ECF No. 109 at 3.

Plaintiff argues that he and his attorney "reviewed the video surveillance multiple times" and that he knows "exactly [what's] on the video surveillance." ECF No. 105 at 4. But Crivello has attested under penalty of perjury that she consented only to disclosure of a limited portion of the video, for the limited purpose of rebutting Plaintiff's claim that he was not caught thereon. ECF No. 109. To the extent that Plaintiff viewed additional portions of the video beyond that to which Crivello explicitly consented, Crivello cannot be said to have waived the privilege associated with the video through Plaintiff's unauthorized extended viewing. She did not "voluntarily disclose[] or consent[] to" disclosure of any portion of the video beyond that brief portion that established that Plaintiff was caught on camera. *See* Wis. Stat. § 905.11. The Court is satisfied that Crivello did not voluntarily disclose or consent to the disclosure of any "significant part" of the surveillance video and that the footage therefore remains privileged.

4. **CONCLUSION**

For the reasons discussed herein, the Court will deny Plaintiff's motions to compel production of the video surveillance footage and photos.

Accordingly,

**IT IS ORDERED** that Plaintiff Marvin L. Carter's motions to compel, ECF Nos. 104, 105, be and the same are hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 15th day of May, 2023.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge